BAXTER, J.,
Concurring.—The majority correctly observes that “[bjecause defendant did not file a motion to dismiss on speedy trial grounds in the trial court, the underlying cause of the delay in this case was never litigated, the various statements by defendant and his attorneys were never examined in an adversarial proceeding, and the trial court made no findings that might inform the issue before us.” (Maj. opn., ante, at p. 248.) In particular, we are unable on this record to conclude “that responsibility for the discovery disputes should be attributed to the prosecution” (id. at p. 239) or “that the delay experienced by defendant resulted from a breakdown in the public defender system” (id. at p. 249).
For the same reasons, the majority ought to refrain from asserting that counsel did not “work[] diligently on defendant’s case” and that “the lion’s share of delay resulted from defense counsel’s lack of progress in preparing this case for trial.” (Maj. opn., ante, at p. 241.) Because the majority nonetheless purports to make such a finding for the first time on appeal, I am compelled to write separately.
*298 The majority’s purported finding as to counsel’s performance rests almost entirely on statements by defendant and his attorneys made in ex parte proceedings (maj. opn., ante, at pp. 241-244) and on the asserted failure of the appellate record to detail the work product completed by counsel in preparation for trial (id. at pp. 243-244). But one would hardly expect to discover a log of an attorney’s investigation (or the fruits thereof) in a reporter’s transcript or clerk’s transcript of pretrial proceedings or in “[t]he table of contents for all records” filed at the pretrial stage. (Id. at p. 243.) Moreover, as with the statements of defendant and his attorneys concerning the role of the prosecution and the public defender system in delaying the start of trial, the statements of defendant and his attorneys concerning counsel’s diligence and progress “were never examined in an adversarial proceeding,” “the underlying cause of the delay in this case was never litigated,” and “the trial court made no findings that might inform the issue before us.” (Id. at p. 248.) Uncritical reliance on these statements, which were made at ex parte hearings where the People were excluded (and were not even granted the opportunity to submit questions that the trial court could then pose to the defense in camera), would be a denial of the People’s right to due process under the California Constitution. (Cal. Const., art. I, § 29; cf. Department of Corrections v. Superior Court (1988) 199 Cal.App.3d 1087, 1093 [245 Cal.Rptr. 293].)
The problem with the factual finding purportedly made by the majority is exacerbated by the existence in the record of contrary evidence that counsel was proceeding diligently and did make progress during at least some of the relevant time periods. Attorney Forest Wright stated that “ ‘there’s been a considerable amount of work done’ ” (maj. opn., ante, at p. 241), that “he was proceeding ‘as diligently as [he could] at this point,’ ” and that “ ‘a lot has been done in this matter’ ”—even though defendant had been “ ‘a little bit stingy with his information at times.’ ” (Id. at pp. 217-218.) In 1999, after Wright had withdrawn, Attorney David Gunn said that the defense was “ ‘on track.’ ” (Id. at p. 224.) Although these statements, too, were “never examined in an adversarial proceeding” and “the trial court made no findings that might inform the issue before us” (id. at p. 248), they do tend to support the judgment of the trial court and undermine the majority’s purported factual finding that counsel did not work diligently on the case and that the delay was counsel’s fault. Had the parties been able to litigate the issue, the trial court might well have agreed with the investigator who, after working with defendant for many months, declared that it was “ ‘impossible’ ” to work with him. (Id. at p. 228.)
When presented with conflicting evidence on review of a judgment of conviction, our task is clear and well settled. “On appeal, we presume that a judgment or order of the trial court is correct, ‘ “[a]ll intendments and presumptions are indulged to support it on matters as to which the record is *299 silent, and error must be affirmatively shown.” ’ ” (People v. Giordano (2007) 42 Cal.4th 644, 666 [68 Cal.Rptr.3d 51, 170 P.3d 623].) The presumption being in favor of the judgment,“ ‘[w]e must consider the evidence in the light most favorable to the prevailing party, giving such party the benefit of every reasonable inference, and resolving all conflicts in support of the judgment.’ ” (Gooch v. Hendrix (1993) 5 Cal.4th 266, 279 [19 Cal.Rptr.2d 712, 851 P.2d 1321].) The standard of appellate review has particular salience here, inasmuch as the burden to establish a speedy trial violation falls on defendant (maj. opn., ante, at p. 234) and the presumption is that counsel performed in a competent and timely manner. (People v. Carter (2003) 30 Cal.4th 1166, 1211 [135 Cal.Rptr.2d 553, 70 P.3d 981].) Accordingly, the majority’s purported factual finding that counsel was responsible for the delay is without factual or legal foundation.
I agree that defendant’s speedy trial claim is without merit, but I do not agree with the majority’s analysis of the claim. I therefore concur in the judgment.
Chin, J., concurred.